UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 89-162-04(RCL) |
| | ) |
| JAMES ANTONIO JONES, | ) |
| | ) |
| Defendant. | ) |

FILED
OCT 27 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

Before the Court is Defendant James Antonio Jones's pro se motion to modify sentence and his memorandum of issues filed on April 29, 2002 and the government's motion to transfer [83] filed on July 2, 2009. For the following reasons Mr. Jones's motion is transferred to the Court of Appeals for consideration.

Although courts should afford notice and an opportunity to withdraw a petition before recharacterizing it as one under § 2255, *United States v. Palmer*, 296 F.3d 1135, 1146 (D.C. Cir. 2002), the instant petition is not an initial one and the rationale for the "warn-and-withdraw" approach does not apply. *United States v. Lloyd*, 398 F.3d 978, 979–980 (7th Cir. 2005).

Mr. Jones has previously filed two § 2255 motions, both of which were denied, decisions that were subsequently affirmed by the court of appeals. Mr. Jones's memorandum raises claims that are traditionally the subject of a § 2255 motion, such as ineffective assistance of counsel and allegations of prosecutorial misconduct. Accordingly, the Court thinks it appropriate to characterize as a § 2255 petition. As such,

Mr. Jones's petition is a successive petition and prior to consideration by this Court, his motion must be certified by a panel of the Court of Appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). As no such certification has been obtained, this Court lacks jurisdiction to consider Mr. Jones's motion. *Burton v. Stewart*, 549 U.S. 147, 157 (2007); *Moore v. Dep't of Justice*, No. 98-5085, 1998 WL 545421, at *1 (D.C. Cir. July 17, 1998); *Judson v. United States*, No. 97-5140, 1998 WL 315593, at *1 (D.C. Cir. May 29, 1998); *see also Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). The Court thinks the appropriate action is then to transfer the petition to the Court of Appeals for their consideration. *Cephas v. Nash*, 328 F.3d 98, 104 n.5 (2d Cir. 2003); *see also Harris v. United States*, 522 F. Supp. 2d 199, 203 (D.D.C. 2007); *see also Liriano v. United States*, 95 F.3d 119, 123 (2nd Cir. 1996) (per curiam); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Coleman v. United States*, 106 F.3d 339, 340-41 (10th Cir. 1997).

As such, it is hereby ordered that Mr. Jones's motion be transferred to the court of appeals for their consideration whether it meets the standards set for under 28 U.S.C § 2244.

**SO ORDERED** this 27th day of October 2009.

ROYCE C. LAMBERTH
Chief Judge
United States District Court