UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 89-162-4 (RCL) |
| v. ) | |
| ) | FILED |
| JAMES ANTONIO JONES, ) | |
| ) | JAN - 9 2013 |
| Defendant. ) | |
| ) | Clerk, U.S. District and Bankruptcy Courts |

## MEMORANDUM OPINION

Now before this Court is defendant James Antonio Jones's Motion for Reconsideration [131], asking the Court to reconsider its Memorandum and Order [129] denying Mr. Jones's Motion for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2). Upon consideration of defendant's Motion [131], the entire record herein, the applicable law, and for the reasons set forth below, defendant's motion will be denied.

I. BACKGROUND

Defendant is no stranger to this Court, having made multiple attempts to appeal his conviction and sentence. His story begins in December 1989 when, after a jury trial, the defendant was convicted of conspiracy to violate narcotics laws in violation of 21 U.S.C. § 846. The case involved the defendant's participation in an extensive four-year drug conspiracy ring run by co-defendant Rayful Edmond III, for which the defendant and 28 other co-defendants were indicted. According to the Presentence Investigation Report ("PSR"), the defendant was a supervisor and "enforcer." PSR ¶¶ 33–34, Feb. 9, 1990. His sentencing guidelines range was calculated at 360 months to life based on a total offense level of 41 and a criminal history category of III. *Id.* ¶¶ 39–45. The total offense level reflected a base offense level of 36 and was adjusted upward by two points because a firearm was present during the commission of the

offense, and the defendant received an additional three point upward adjustment for his role as a manager or supervisor of a criminal activity that involved at least five participants. *Id.* ¶¶ 39–40. The Probation Office followed the United States Sentencing Guidelines ("U.S.S.G.") § 2D1.4(a), which at the time of the defendant's sentencing directed calculation of the offense level as if the object of the conspiracy were completed. The PSR accordingly calculated a base offense level of 36 for "Distribution of 150 kilograms of a mixture containing cocaine and 1.5 kilograms of a mixture containing cocaine base." *Id.* ¶ 38. The quantities were based on jury determinations. Judge Charles R. Richey sentenced the defendant on February 15, 1990, to a term of imprisonment of life.

The Court of Appeals subsequently vacated the defendant's sentence and remanded for resentencing. Judge Richey resentenced the defendant to a term of imprisonment of life on September 5, 1990. Judge Richey issued a memorandum opinion memorializing relevant findings. *United States v. Edmond*, 746 F. Supp. 200 (D.D.C. 1990). He noted that many defendants in the conspiracy objected to the quantity of cocaine used to calculate their base offense levels, so he stressed the "inescapable conclusion that the conspiracy involved more than fifty kilograms of cocaine." That quantity is the least amount of cocaine required to trigger a base offense level of 36.

The defendant and his co-defendant filed motions to vacate under 28 U.S.C. § 2255, alleging violations of *Brady v. Maryland*, 373 U.S. 83 (1963). Judge Richey denied the motions, and the Court of Appeals for the D.C. Circuit affirmed. *United States v. Edmond*, 52 F.3d 1080 (D.C. Cir. 1995). As to the defendant, the D.C. Circuit stated that he was found guilty of a conspiracy involving "more than 5 kilograms of cocaine and more than 50 grams of cocaine base." *Id.* at 1088. The Circuit Court vacated the sentences of four co-defendants and remanded

the cases for Judge Richey to make particularized findings for each co-defendant regarding the quantities of narcotics for "which they may properly be held accountable" based on the "reasonably foreseeable conduct of their co-conspirators." *Id.* at 1105–1106. The D.C. Circuit subsequently vacated and remanded as to the defendant for the same purpose. *Id.* at 1113 (*Per Curiam* order of July 19, 1995).

Following remand, the defendant and the government reached an agreement regarding resentencing pursuant to Fed. R. Crim. P. 11(e)(1)(C), the precursor to today's Rule 11(c)(1)(C). The agreement lowered the base offense level applicable to the defendant to 34, which corresponded to quantities of at least 15 kilograms but less than 50 kilograms of cocaine, and at least 150 grams but less than 500 grams of crack. Sent. Agreement ¶ 1. ECF No. 84-6. The agreement expressly stipulated that no "other aspects" of the sentencing were at issue, and the Court understood these "other aspects" to include the sentencing enhancements. *Id.* Those enhancements produced a total offense level of 39 and a guidelines range for the defendant of a term of imprisonment of 324 to 405 months. The agreement did not specify exact quantities of narcotics and stated that "no other changes need be made in the presentence report." Judge Richey resentenced the defendant on April 17, 1996, to a term of imprisonment of 393 months.

Defendant then filed a *pro se* motion to modify his sentence on August 10, 2001, and a *pro se* "Memorandum of Issues" on April 29, 2002. *See* Oct. 3, 2008 Order, ECF No. 64. Those motions sat dormant until the case was transferred to the undersigned Judge in May 2008. The Court construed defendant's "Memorandum of Issues" as a successive 28 U.S.C. § 2255 motion and, finding that the Court had no jurisdiction, ordered that it be transferred to the Court of Appeals. Mem. Op. 1–2, Oct. 27, 2009, ECF No. 91. In an unpublished *per curiam* Order, the

Court of Appeals denied defendant's motion for leave to file a successive § 2255 motion. Order 1, Apr. 9, 2010, PACER No. 1239183.

The defendant then filed his first motion for a sentencing reduction on December 15, 2010, following the United States Sentencing Commission's adoption of retroactive amendments to the crack cocaine guidelines, U.S.S.G. App. C, Amend. 706, 711 (2007). Mot. Retroactive Application 1, ECF No. 98. The Court denied the motion. Order 1, Dec. 15, 2010, ECF No. 99. The Court determined that, because the defendant's sentence was based on his Rule 11(c)(1)(C) plea agreement and not the sentencing guidelines, he was ineligible for relief under 18 U.S.C. § 3582(c)(2). The defendant filed a notice of appeal. After this Court's ruling, the Supreme Court decided *Freeman v. United States*, 131 S. Ct. 2685 (2011), which held that some sentences conducted pursuant to Rule 11(c)(1)(C) agreements fall within § 3582(c)(2)'s purview. In the defendant's case, the government conceded that the defendant's sentence fell within the type of Rule 11(c)(1)(C) sentence that *Freeman* found eligible for § 3582(c)(2) relief. The Court of Appeals therefore reversed this Court's order and remanded for further proceedings.

The United States Sentencing Commission promulgated a temporary amendment to the sentencing guidelines lowering the guidelines ranges for crack offenses on October 15, 2010, and re-promulgated the amendment as permanent on April 6, 2011. U.S.S.G. App. C, Amend. 750 (Supp. 2011). The amendment became effective on November 1, 2011. The Commission voted to give that change retroactive effect on June 30, 2011. Following the D.C. Circuit's remand of the defendant's case, the defendant filed a new motion for a sentence reduction under the newly applicable guidelines ranges. 2d Mot. Retroactive Application 1, Jan. 3, 2012, ECF No. 123. The Court noted that the defendant's 1996 sentencing agreement made him responsible for at least 15 kilograms but less than 50 kilograms of cocaine, and at least 150 grams but less than 500

grams of cocaine base (crack). Mem. & Order 4, Jul. 9, 2012, ECF No. 129. To calculate the appropriate U.S.S.G. range when multiple drug types are involved, the Court first converts each drug into its marijuana equivalency based on the U.S.S.G.'s Marijuana Equivalency Table and then adds the different amounts in order to calculate the total marijuana equivalency. U.S.S.G. § 2D1.1, Application Notes 7–8; *see also United States v. Garrett*, 959 F.2d 1005, 1008 (D.C. Cir. 1992). The guidelines range is calculated based on this total. *Id.* The Court determined that the defendant was responsible for 3,362.65[1] kilograms of marijuana, which placed the defendant at a base offense level of 34—the same base offense level reflected in his 1996 sentencing agreement. Mem. & Order 5. When combined with his sentencing enhancements and taking account of his Criminal History Category of III, the defendant's guideline range remained at 324 to 405 months. *Id.* Therefore, the Court determined that the defendant was ineligible for a sentencing reduction because his guidelines sentencing range had not changed. *Id.* Unhappy with the Court's decision, defendant filed the instant motion asking the Court to reconsider its decision. Mot. Recon. 1, Aug. 9, 2012, ECF No. 131.

## III. LEGAL STANDARD

Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are allowed in criminal cases. *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). This is because courts should have the opportunity "to correct their own alleged errors." *United States v. Dieter*, 429 U.S. 6, 8 (1976). However, at least two circuits have held that a motion for reconsideration after the denial of a § 3582(c)(2) motion must be brought within the time for appeal under Federal Rule of Appellate Procedure 4(b), that is within 14 days after the entry of either the judgment or the order being appealed. *United States v. Randall*, 666

---

[1] The Court has recalculated the amounts and found the total to be 3,535.65 kilograms. However, the Court's original error was harmless and the new calculation in no way affects the Courts original reasoning.

F.3d 1238, 1242 (10th Cir. 2011); *United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011); *see also* F. R. App. P. 4(b). But motions for reconsideration in this context are clearly disfavored. *See United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010) (determining that no provision exists for reconsideration of § 3582(c)(2) motions); *United States v. Aguirre*, 214 F.3d 1122, 1124 (9th Cir. 2000) ("While district courts generally have 'inherent authority' to decide motions for reconsideration and rehearing of orders in criminal proceedings, [§ 3582] expressly limits the court's authority in sentencing."). This Court believes that it has the inherent authority to decide a motion for reconsideration of denial of a § 3582(c)(2) motion, but agrees with the Seventh and Tenth Circuits that such a motion must be filed within the time for appeal under the Federal Rules of Appellate Procedure 4(b). *See Randall*, 666 F.3d at 1242; *Redd*, 630 F.3d at 650. Defendant, here, filed his motion more than two weeks after the expiration of his time for appeal.[2] This fact alone is sufficient for the Court to deny defendant's motion. However, for the sake of clarity, the Court will address the arguments raised in the defendant's Motion for Reconsideration.

## IV. ANALYSIS

Defendant argues that this Court's reliance on the marijuana equivalency table in its original Memorandum and Opinion was in error in light of *United States v. Molina*, which, the defendant argues, provides a "doctrine" under which the Court would be justified in ignoring the drug quantity tables. Mot. Recons. 3 & n.2 (citing 541 F. Supp. 2d 530 (E.D.N.Y. 2008)). The Court has examined *Molina* and can find no such doctrine.[3] While *Molina* does state in dicta that, given the circumstances of that case, the marijuana equivalency table produced an unjust

---

[2] The Court's decision was filed on July 9, 2012, and the defendant's Motion for Reconsideration was filed on August 9, 2012.
[3] Even if *Molina* stood for such a proposition, *Molina's* weight is merely persuasive, not controlling, as *Molina* was not only decided by a district court, but one outside of this circuit.

result, it is unclear from the opinion whether the Court actually applied the equivalency table or ignored it. *Molina*, 541 F. Supp. 2d at 534. What's more, the defendant cites two other cases in support of the alleged "*Molina* doctrine," both of which undermine rather than buttress the defendant's argument. In *United States v. Woods*, the Seventh Circuit explained that the United States Sentencing Commission issued amendments 715 and 716 in response to sentencing anomalies pointed out in *Molina* and corrected some of the problems in applying the retroactive reduction to offenses involving multiple drug types. 581 F.3d 531, 537 (7th Cir. 2009). And in *United States v. Toran*, the Court simply went into more detail in explaining how Amendment 715 corrected the anomalies created by Amendment 706. CR 3:07-00217, 2011 U.S. Dist. Lexis 42970, *1, *2–*4 (S.D.W. Va. 2011).

Defendant also points to *United States v. Miller* to support his request for a sentencing reduction. Mot. Recons. 4 (citing 4:89-CR-120 (JMR), 2010 U.S. Dist. LEXIS 79763, *1 (D. Minn. 2010)). In *Miller*, the court reduced a mandatory-minimum life sentence for a career offender on the basis that "the offense conduct level was a dominant factor in the actual decision to find the career offender category and statutory life sentence applicable." *Id.* at *4. However, *Miller* is non-binding authority and is contrary to precedent even in that circuit. *See United States v. Forman*, 553 F.3d 585, 589–90 (7th Cir. 2009).[4] As *Miller* itself notes, the case stands as "a singular and unique exception." 2010 U.S. Dist. LEXIS 79763 at *4.

Lastly, the defendant avers that the Court "overlooked" factors set forth in 18 U.S.C. § 3553 before denying his motion. Mot. Recons. 5. Section 3582(c)(2) creates a two-step inquiry:

---

[4] While the Court declines to follow the holding and analysis in *Miller*, the Court does feel that the sentiment expressed by the court in *Miller*—that certain mandatory minimum sentences, especially those that are later reduced but the benefits of such reductions do not redound to previously sentenced defendants because Congress did not expressly provide for such retroactivity—at times, produces unjust results. However, such decisions are expressly left to the political branches of our government. The Court is bound by law and precedent and the precedent in this Circuit does not allow the Court to resentence the defendant.

the Court must first determine whether a sentencing reduction is authorized and only then may the Court "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). The Court determined that the defendant was not eligible for a sentencing reduction because his sentence was not based on a guidelines range that had subsequently been lowered. Mem. & Order 5. Therefore, the Court did not overlook the factors set out by § 3553(a) because the Court determined that no sentencing reduction was authorized by § 3582(c)(2).

The law is clear: unless defendant can show that the Sentencing Commission lowered the sentencing range under which defendant was sentenced, this Court lacked subject-matter jurisdiction to consider the reduction request under § 3582(c)(2). *See* 18 U.S.C. § 3582(c)(2); *Forman*, 553 F.3d at 588. As explained in the Court's previous opinion, the defendant's sentencing range *was not* lowered by U.S.S.G. Amendment 750. Therefore, this Court has no power to modify his sentence.

## V. CONCLUSION

Defendant filed his motion more than two weeks after the deadline for appealing or requesting reconsideration of this Court's Order denying his § 3582(c)(2) motion. Because defendant's filing was time-barred, the defendant's motion will be denied. Even if he had filed within the time limit, his arguments are without merit.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on January 9, 2013.